Matter of People ex rel. Schneller v Brann (2019 NY Slip Op 03686)





Matter of People ex rel. Schneller v Brann


2019 NY Slip Op 03686


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9283 1987/18 451527/18 30124/18

[*1]In re The People of the State of New York, ex rel. Ariel Schneller, on behalf of Grant Hall, Petitioner-Appellant,
v
Cynthia Brann, etc., Respondent-Respondent.


Janet E. Sabel, The Legal Aid Society, New York (Elizabeth Bender of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Juan M. Maldonado of counsel), for respondent.



Judgment (denominated an order), Supreme Court, New York County (Ellen N. Biben, J.), entered on or about August 2, 2018, denying the petition for a writ of habeas corpus and dismissing the proceeding, unanimously affirmed, without costs, reduction of bail pursuant to an interim order of a Justice of this Court revoked, and bail previously set in the amount of $40,000 bond or $30,000 cash reinstated.
Upon our review of the record, and considering the factors set forth in CPL 510.30(2)(a), we find that the bail court (Laura A. Ward, J.) did not abuse its discretion in increasing bail to the amount indicated, in light of the seriousness of the charges, the likelihood of conviction, the potential sentence, and petitioner's lack of community ties (see e.g. People ex rel. Kuby v Merritt, 96 AD3d 607 [1st Dept 2012], lv denied 19 NY3d 813 [2012]). Apparently, petitioner moved to New York City from his home state of Georgia just a few weeks before his arrest, and was living out of his car before it was impounded.
We do not reach the question of whether a bail-setting court is constitutionally required to consider a defendant's ability to afford the bail, because the record indicates that the bail court considered ability to pay as a significant factor in this case (see People ex rel. Kirschbaum v Schriro, 100 AD3d 571 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK